IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

GREGORY V. PATTON,

                         Plaintiff,                    Case No. 3:03 CV 7288

    -vs-

                                                      <u>MEMORANDUM   OPINION</u>

THE BUDD COMPANY, et al.,

                         Defendant.

KATZ, J.

Pending before this Court is the Report and Recommendation ("R & R") of Magistrate Judge Patricia A. Hemann filed December 21, 2005 (Doc. No. 72), as to which Plaintiff filed objections on December 30, 2005 (Doc. No. 74), and Defendants International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") and International Union, United Automobile, (Aerospace and Agricultural Implement Workers of America, Local 1803 ("Local 1803" (collectively "Unions") filed a response thereto on January 5, 2006. (Doc. No. 75).  In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings.

In her well reasoned R & R the Magistrate Judge considered the motion of Defendant The Budd Company ("Budd") for summary judgment (Doc. No. 41), like motions filed by the Defendant Unions (Doc. No. 44) and the oppositions of Plaintiff to all motions for summary judgment.  The Magistrate Judge recommended that the Court grant all pending motions for summary judgment filed by the Defendants.  For the reasons which follow, the Court will adopt in

full the R & R of the Magistrate Judge and grant the motions for summary judgment filed by the Defendants.

## BACKGROUND

Because this Court is adopting in full the R & R of the Magistrate Judge and incorporating it herein as if fully rewritten herein, it is unnecessary to engage in a full recitation of the background leading up to the discharge of Plaintiff and the events which followed. Suffice to say that Plaintiff was a union member working since 1985 at Defendant Budd's plant in Carey, Ohio. Beginning in the year 2000 Budd instituted a training program generally known as "lego" training, as to which Gregory V. Patton ("Patton"), Plaintiff, voiced strong displeasure. Ultimately, a meeting was arranged on August 17, 2000 at the plant at which time the Human Relations Manager for the Budd division sought to speak with Patton and the plant manager as well as Patton's union steward. The request for the meeting ultimately resulted in Patton refusing to attend the same; as a result of that insubordination, he was fired, later receiving a letter indicating that effective August 22, 2000 he had been terminated for insubordination.

The Union filed a grievance on Plaintiff's behalf on August 23, 2000. In preparation for the arbitration with respect to the grievance, the President of Local 1803 wrote Patton that a meeting would be held to prepare for that arbitration and asked Patton to attend. Patton did not attend, although his wife and nephew did. He advised the Union not to bother to arbitrate because it was a waste of time and when asked by the Union to sign a paper stating that he wanted his job back, Patton refused to do so. Patton failed to attend the arbitration hearing, sending a message that his home had been broken into and burglarized the prior evening and, allegedly, his paperwork related to the arbitration proceeding had been taken.

The arbitration went forward and the arbitrator held that the order given to Patton by his superiors was clear and unequivocal, was reasonable and work related and was given by someone whom Patton understood had appropriate authority to do so.  Ultimately, the arbitrator found that Patton "failed to follow the well established principle of 'obey now, grieve later.'"  Arbitrator's Opinion, p. 24.  The Arbitrator found that Patton's suspension and dismissal had been appropriate because the "insubordination of the Grievant is a defiant challenge to the essence of the Company's production system and thus the offense is extremely serious." Arbitrator's Opinion at 29-30.

A. Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56©).  The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).  The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim.  *Id.* at 323-25.  Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2541, 91 L. Ed. 2d 202 (1986) (*quoting* FED. R. CIV. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require

4

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

## DISCUSSION

Defendants' motions for summary judgment on Patton's § 301 claim are grounded in the proposition that Patton is unable to show either breach of the duty of fair representation on the part of the Unions or a breach of the Collective Bargaining Agreement ("CBA") on the part of the Budd Company or that the arbitration resulted in a decision which is erroneous. Patton has contested all three arguments before the Magistrate Judge and again in his objections to her R & R. The Unions in their response have addressed those objections.

A hybrid § 301 action consists of two claims: breach of the Collective Bargaining Agreement by the employer and breach of the duty of fair representation by the union. To recover against either the employer or the union a plaintiff must show *both*. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3rd 573 (6th Cir. 1994). The Magistrate Judge concluded, as does this Court, that the Arbitrator's determination that Budd did not violate the Collective Bargaining Agreement was not erroneous. While Plaintiff in his objection No. 1 argues that the background portion of the R & R recites facts in a light which is *not* most favorable to Plaintiff as required by the summary judgment standard, as to which the Court does not agree, it would make little difference since the background leading up to the meeting at which insubordination occurred is not the important aspect in this case. It is the insubordination itself which drove the Arbitrator's decision to uphold the employer's decision to terminate Plaintiff. That decision is clearly grounded in facts which merit this Court's recognition and acceptance of Defendants' position.

5

Because the Magistrate Judge and this Court find that there is no convincing proof that the arbitrator erred in finding that Budd did not breach the Collective Bargaining Agreement, the Court will not conclude that the arbitrator's decision did not draw its essence from the Collective Bargaining Agreement. Thus, because one of the two branches which are required to be determined in a hybrid § 301 case has not been so resolved in favor of Plaintiff, any inquiry into the Unions' alleged failure to comply with its duty of fair representation is "immaterial, and is not justiciable." *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 560 (6th Cir. 1990). The recent case cited by the Unions supports that position. In his well reasoned opinion, Judge Algenon Marbley of the Southern District of Ohio came to the same conclusion, relying upon both the *Black* and the *White* cases. *See, Devore v. Rolls-Royce Energy Systems, Inc . et al.*, 373 F.Supp.2d 750 (2005) ("because this Court holds that the Union Defendants did not breach their duty of fair representation, Plaintiff's hybrid § 301 action fails as a matter of law, and hence it is unnecessary to determine whether Defendant Rolls-Royce breached the CBA." *Id.* at p. 18.) In this instance, the Court has found that the employer, Budd, did not breach or violate the CBA and thus, it is unnecessary to consider the alleged breach of duty of fair representation by Defendant Unions.

## CONCLUSION

For the reasons herein above stated, Plaintiff's objections to the R & R are overruled and denied; the R & R (Doc. No. 72) is adopted as the order of this Court; the motion for summary judgment filed by Defendant Unions (Doc. No. 44) is granted; the motion for summary judgment filed by Defendant Budd (Doc. No. 41) is granted and this case is dismissed with prejudice.

IT IS SO ORDERED.

  s/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE